UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JERRY MCBEE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case Number: 2:14-cv-02076-LSC-JHE |
| WARDEN ESTES, | ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on December 14, 2015, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b)(1) for failing state a claim upon which relief may be granted. (Doc. 22). The plaintiff filed objections to the report and recommendation on January 7, 2016. (Doc. 25).

In his objections, the plaintiff restates his claim that defendant Estes violated his right to due process when Estes transferred him to Elmore Correctional Facility instead of Staton Correctional Facility. (Doc. 25 at 1). The plaintiff argues that he was not provided notice or a hearing prior to his transfer and is now experiencing an "atypical and significant hardship" at his current place of confinement. (*Id*.).

"[I]nmates usually possess no constitutional right to be housed at one prison

1

over another . . . . Accordingly, the Supreme Court has found no constitutionally based liberty interest in the involuntary transfer of a prisoner to a different facility."  *Barfield v. Brierton*, 883 F.2d 923, 936 (11th Cir. 1989) (citing *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976)); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976).  Prisoners can be transferred from one prison to another with or without reason without invoking the right to a due process hearing prior to transfer. *Meachum*, 427 U.S. at 225 ("[T]he Due Process Clause in and of itself [does not] protect a duly convicted prisoner against transfer from one institution to another within the state prison system.").  The ability to transfer prisoners is essential to prison management and to require hearings for such transfers would impermissibly interfere with prison administration.  *Id*.

"Whatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to transfer him for whatever reason or for no reason at all."  *Meachum*, 427 U.S. at 228.  Because the plaintiff does not have a constitutional right to be housed in a particular prison, he does not have a constitutional right to notice and a hearing prior to transfer.  *See Montayne*, 427 U.S. at 242 ("no Due Process Clause liberty interest of a duly convicted prison inmate is infringed when he is transferred from one prison to another within the State, whether with or without a

hearing.[.]").

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief may be granted. A Final Judgment will be entered.

**DONE** AND **ORDERED** ON FEBRUARY 1, 2016.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704